## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Chrissy Larkin and Katie Ingles, on behalf of themselves and others similarly situated, | Civil No. 10-411 |
|       Plaintiffs and Proposed Collective and Class Action Representatives, | **COMPLAINT IN COLLECTIVE AND CLASS ACTION** |
| -v- | **(DEMAND FOR JURY TRIAL)** |
| CPI Corporation, Consumer Programs Incorporated, d/b/a Sears Portrait Studios, and CPI Images, LLC, d/b/a Sears Portrait Studios | |
|       Defendants. | |

Chrissy Larkin and Katie Ingles, on behalf of themselves and others similarly situated, by and through their attorneys, Zimmerman Reed, PLLP and Lockridge Grindal Nauen P.L.L.P., herein state and allege:

## PRELIMINARY STATEMENT

1.  Named Plaintiffs Chrissy Larkin and Katie Ingles ("Named Plaintiffs," "Plaintiff Larkin," or "Plaintiff Ingles") and other similarly situated employees are current and former hourly employees of Consumer Programs Incorporated, d/b/a Sears Portrait Studios, CPI Corporation, and CPI Images, LLC, d/b/a Sears Portrait Studios ("Defendants") who have been employed as hourly employees in the positions of photographer-customer service agent, assistant manager, or manager (collectively, "hourly employees,") who are not exempt from the overtime or minimum wage provisions of the Fair Labor Standards Act ("FLSA") or state labor laws.

2.     Named Plaintiffs bring this action for violations of the FLSA, 29 U.S.C. §§ 201 *et seq*., to recover unpaid wages, including minimum and overtime wages, and liquidated damages on behalf of all current and former employees nationwide, for Defendants' failure to pay for all compensable time worked under the FLSA. The Named Plaintiffs bring this action on behalf of themselves and all persons who were, are or will be employed by Defendants as hourly employees at any time within the three years prior to filing this Complaint through the date of the final disposition of this action (the "FLSA Period,") and who have not received full compensation for all hours worked under the FLSA.  This group is hereinafter referred to as the "FLSA Class."

3.     Named Plaintiffs also bring this action for violations of the labor laws of Wisconsin, Iowa, Ohio, West Virginia, and Kentucky (collectively hereinafter, "the States") to recover unpaid wages, including minimum and overtime wages, statutory wages, and liquidated damages on behalf of all current and former employees of CPI in Wisconsin, Iowa, Ohio, West Virginia, and Kentucky, for its actions in failing to pay wages for all compensable time worked, including minimum wage, regular wages, and overtime, for failing to provide rest and meal periods, for failing to timely pay wages under the States' applicable labor laws, and for other violations of the States' common law.  These groups are hereinafter referred to as the "Wisconsin Class," the "Iowa Class, " the "Ohio Class," the "West Virginia Class," and the "Kentucky Class."

4.     The Named Plaintiffs have provided their written consents to participate in this litigation as required by 29 U.S.C. § 216(b).  Copies of Chrissy Larkin and Katie Ingles' Consents to Join this action are attached hereto as Exhibit A, and have been filed with the

Court in accordance with 29 U.S.C. § 216(b). Additionally, written consents of others seeking to participate as opt-in FLSA Class members are attached hereto as Exhibit B.

5. In addition to the Named Plaintiffs, all persons currently or formerly employed by Defendants in similar employment positions that are not exempt from the overtime requirements of the FLSA are entitled to collectively participate in this action by choosing to "opt in" and submit a written Consent to Join form. This federal cause of action is brought as a collective action under and pursuant to the statutory requirements of the FLSA, 29 U.S.C. § 216(b).

6. After the commencement of this action and in accordance with the Local Rules of the Western District of Wisconsin, the Named Plaintiffs shall file, pursuant to 29 U.S.C. § 216(b), a motion for certification of their FLSA claims as a collective action, to obtain discovery of potential class members necessary for notice, and for authorization to issue notice to the FLSA Class.

7. Additionally, after the commencement of this action and in accordance with the Local Rules of the Western District of Wisconsin, the Named Plaintiffs will seek certification of their Wisconsin, Iowa, Ohio, West Virginia, and Kentucky state law claims as opt-out class actions, pursuant to Federal Rules of Civil Procedure 23.

8. Defendants' practices and policies likely violate other states' wage laws and common law. As more information becomes known, additional state law classes may be added, and the claims of the Wisconsin, Iowa, Ohio, West Virginia, and Kentucky classes may be amended to reflect additional classes of employees or different causes of action.

## PARTIES

9.      At all material times, the Named Plaintiffs were nonexempt employees of Defendants, subject to the wage and hour laws of the States where the work was performed, and a beneficiary of the provisions of the FLSA.

10.     Plaintiff Larkin is a current CSA who resides in Monona, Iowa.  Plaintiff Larkin is an hourly employee of Defendant.  Between April 2008 and November 2009, Plaintiff Larkin's primary store was Defendants' Decorah, Iowa location.  Defendants' Prairie du Chien, Wisconsin location has been Plaintiff Larkin's primary store from November 2009 to the present. Between April 2008 and the present, in addition to work at her primary store locations, Plaintiff Larkin has worked shifts at stores throughout Iowa and Wisconsin. At all times, and in all locations, Plaintiff Larkin was a CSA and an hourly employee.

11.     Plaintiff Ingles is a current CSA who resides in Patriot, Ohio.  Plaintiff Ingles is an hourly employee of Defendant.  Between July 2005 and February 2009, Plaintiff Ingles' primary store was Defendants' Gallipolis, Ohio location where Plaintiff Ingles was both a CSA and a Manager.  Defendants' Barbersville, West Virginia location has been Plaintiff Ingles' primary store from June 2010.  Between July 2005 and February 2009, and from June 2010 to the present, in addition to work at her primary store locations, Plaintiff Ingles has worked shifts at stores throughout Ohio, West Virginia, and Kentucky. At all times, and in all locations, Plaintiff Ingles was an hourly employee.

12.     Defendants Consumer Programs, Inc., d/b/a Sears Portrait Studios, and CPI Images, LLC, d/b/a Sears Portrait Studios, are or were subsidiaries of Defendant CPI Corporation, and are incorporated in Missouri where Defendants Consumer Programs, Inc.,

d/b/a Sears Portrait Studios, and CPI Images, LLC, d/b/a Sears Portrait Studios have their headquarters.

13.     Defendants claim to be the largest portrait studio operator in North America, offering photography services throughout the United States, primarily in Sears as "Sears Portrait   Studios" ("SPS,") in Wal-Mart as "Wal-Mart Picture Me Portrait Studios" ("Picture Me,") and, as of April 20, 2010, in Babies R' Us and Toys R' Us as "Kiddie Kandids."  Upon information and belief, as of April 2010, Defendants operate 897 SPS studios, 1,549 Picture Me studios, and 134 Kiddie Kandids locations.

14.     At all relevant times, Defendants have been, and continues to be, engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s).

15.     At all relevant times, Defendants have employed two or more persons, including Named Plaintiffs, engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person. 29 U.S.C. § 203(s)(1)(A)(i).

16.     At all relevant times, Defendants have achieved annual gross sales made or business done in excess of $500,000.00.  29 U.S.C. §203(s)(1)(A)(ii).

## JURISDICTION AND VENUE

17.     Jurisdiction over the Named Plaintiffs' federal claims is based upon Section 16(b) of the FLSA, as amended, 29 U.S.C. § 216 and 28 U.S.C. §§ 1331 and 1337.

18.     This Court also has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d).

19.    In addition, jurisdiction over the Named Plaintiffs' claims under the various States' laws pled herein is based upon this Court's power to exercise supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367.

20.    This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

21.    The Western District of Wisconsin has personal jurisdiction over Defendants because Defendants do business in Wisconsin, and within this District, and because many of the acts complained of and giving rise to the claims alleged in Wisconsin occurred or are occurring in this District.

22.    Venue is proper pursuant to §§ 1391 (b)(1), (b)(2) and  (c) because Defendant resides in this District and is subject to personal jurisdiction within this district, operating locations in, *inter alia*, Prairie du Chien, Onalaska, St. Croix Falls, Madison, Superior, Portage, Baraboo, Marshfield, Eau Claire, and Rice Lake, and  also proper because a substantial part of the events or omissions giving rise to the claims alleged occurred in this District at Defendant's Prairie du Chien, Wisconsin location, and throughout the Western District of Wisconsin, where Plaintiff Larkin and putative class members were required to travel for mandatory meetings and to perform marketing activities.

## FACTUAL ALLEGATIONS

23.    Defendants do business throughout the United States, including in Wisconsin, Iowa, Ohio, West Virginia, and Kentucky.

24.    Defendants' studios are staffed with one or more CSAs, Assistant Managers, and Managers. The hourly rate of pay for CSAs is typically at or only slightly above the federal or state statutory minimum wage and includes commissions.  Assistant Managers

and Managers receive nominally more compensation than CSA's and their wages include commissions.

25.    Assistant Managers and Managers perform substantially similar duties to the CSAs and are classified as non-exempt employees.

26.    Plaintiff Larkin's hourly rate of pay was equal to Iowa's minimum wage of $7.25 per hour when she began employment with Defendants at the Decorah, Iowa Picture Me location as her primary store in April, 2008.

27.    Plaintiff Larkin's hourly rate of pay was $7.75 per hour when she transferred to CPI's Prairie du Chein, Wisconsin Picture Me location as her primary store in November, 2009.

28.    Plaintiff Ingles' hourly rate of pay was $7.00 per hour when she began employment with Defendants at its Gallipolis, Ohio Picture Me location in 2005.

29.    Defendants have willfully engaged and continues to engage in policies and practices of not compensating its hourly employees for all hours worked and spent in the control of Defendants.

30.    During holiday months and other busy times, Defendants schedule hourly employees to work shifts of up to ten (10) hours in length with one hour designated as an off-the-clock meal period.

31.    During weekend shifts, Defendants schedule hourly employees to work shifts of up to eight (8) hours in length without designated rest or meal breaks.

32.    Defendants schedule hourly employees to work hours in excess of forty in a week and eight hours in a day during holiday months.

33.    Defendants require hourly employees to perform necessary and indispensable work in the interest of Defendants, and for the benefit of Defendants, both before hourly employees clock into Defendants' timekeeping system at the beginning of shifts, and after hourly employees clock out of Defendants' timekeeping system at the completion of shifts.

34.    Hourly employees usually have their first appointments of the day scheduled as soon as their studios open.

35.    Hourly employees must arrive at work early to prepare the studio for upcoming photography sessions, but they are not permitted to clock in and be paid until several minutes prior to opening.   District or Regional managers will adjust employees' time records that do not comply with this policy.   Pre-shift work, which is necessary and indispensable to hourly employees job duties, includes turning on studio lights, setting up and preparing photographic equipment, setting up props and displays, cleaning and organizing the studio, retrieving petty cash, turning on and logging into the computer, listening to and responding to voicemails from District or Regional Managers or customers, arranging appointments, and otherwise preparing the studio.   This work must be done prior to the studio opening.

36.    Defendants frequently require hourly employees to perform the work described in paragraph 35 prior to clocking into Defendants' timekeeping system at the beginning of the work day.

37.    Closing duties performed by hourly employees include cleaning, shutting down the computer and photographic equipment, storing equipment and props, reporting daily sales, compiling a report of daily transactions, and securing daily business proceeds.

38.     This post-shift work is necessary and indispensable to hourly employees' job duties, and cannot be completed before the studio closes and customers leave.

39.     Defendants require hourly employees to perform the work described in paragraph 37 and assist customers beyond the end of scheduled shifts, even though they are required to clock out of Defendants' time-keeping system soon after the shift ends.

40.     Hourly employees often perform the work described in paragraphs 35 and 37 without compensation.

41.     Defendants enforce a "lights out" program that requires its hourly employees to take an unpaid meal break between 2:00 p.m. and 3:00 p.m. each work day.  However, Defendants frequently require employees to perform work in the interest of and for the benefit of Defendants during these meal breaks without compensation, while they are clocked out of the time keeping system.

42.     Defendants do not provide required statutory meal and rest breaks to its hourly employees.  While Defendants requires hourly employees to clock out of the timekeeping system for meal breaks, the hourly employees often must continue working.

43.     Hourly employees are required to participate in district-wide meetings, but are not compensated for time spent travelling to and participating in these meetings.  Plaintiff Larkin's "District" encompasses a broad geographic area spanning several hundred miles between western Wisconsin, southern Minnesota, and northern Iowa.  Plaintiff Ingles' "District" encompasses a broad geographic area spanning southern Ohio, northern Kentucky, and western West Virginia.  Travel to district meetings can require several hours of travel.

44.    Hourly employees are required to purchase and maintain props for photography sessions and cleaning supplies for the studios, and they are not reimbursed for these purchases.

45.    Hourly employees are required to distribute coupons and other portrait-studio related marketing literature to businesses, schools, churches, and other locations outside of scheduled shift times, and are not compensated for these marketing activities.

46.    Hourly employees routinely work additional hours that they are not compensated for.  For example, hourly employees are not compensated for participation in mandatory conference calls outside of scheduled shift times, for mileage and travel time to stores other than their primary stores and to mandatory meetings, and for distribution of marketing materials to hospitals, daycare centers, nursing homes, and churches.

<u>**COLLECTIVE ACTION ALLEGATIONS**</u>

47.    Named Plaintiffs' First two Causes of Action are brought under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of the FLSA Class.

48.    The Named Plaintiffs and members of the FLSA Class are similarly situated in that they have substantially similar job requirements and pay provisions, are subject to Defendants' common practice, policy, or plan of unlawfully failing to pay for all hours worked, including pay at proper overtime rates, and for failing to reimburse employees for business related expenditures.

49.    Defendants did not exercise good faith in willfully failing to fully compensate its hourly employees under the FLSA.  Defendants consciously excluded from "hours worked" the time spent performing off-the-clock work performed for Defendants' benefit.

10

50.    Defendants willfully refused to reimburse Named Plaintiffs and the FLSA Class for business purchases made on behalf of, and for the benefit of, Defendants.

51.    Defendants' practices violate FLSA and the States' laws pled herein.  The Named Plaintiffs seek overtime compensation for all overtime work, liquidated or other damages and penalties permitted by applicable law, interest, and attorneys' fees and costs.

52.    The names and addresses of the FLSA and State Classes are available from Defendant's records.  Notice should be provided to the FLSA Class via both first class mail, through other written and oral means of communication such as payroll notice and radio notice, and by posting notice in Defendants' various locations as soon as possible.

## CLASS ACTION ALLEGATIONS

53.    Plaintiff Larkin brings the Third through Fourteenth Causes of Action for violations of Wisconsin and Iowa's State statutes and common law as class actions under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

54.    Plaintiff Ingles brings the Fifteenth through Twenty-Seventh Causes of Action for violations of Ohio, West Virginia and Kentucky's State statues and common law as class actions under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

55.    Members of the putative States' classes are so numerous that joinder of all such members is impracticable.  The exact size of the putative Wisconsin, Iowa, Ohio, West Virginia, and Kentucky Classes is unknown, but may be determined from records maintained by Defendants.  It is believed and alleged that the number of persons employed by Defendants at its various locations throughout Wisconsin, Iowa, Ohio, West Virginia, and Kentucky is in the thousands.  Former employees are also included as class members.

56.     There are common questions of law and fact applicable to the putative Classes with respect to the liability issues, relief issues and anticipated affirmative defenses.  For example, common questions of fact and law include but are not limited to the compensability of unpaid work performed before and after scheduled shift times, during unpaid meal and rest breaks, and during conference calls and meetings occurring outside of scheduled work hours; whether Defendants have acted willfully or in good faith; whether the Named Plaintiffs and members of the Wisconsin, Iowa, Ohio, West Virginia, and Kentucky Classes are entitled to liquidated damages, penalties and attorneys' fees and costs; and whether Defendants complied with record-keeping obligations under state and federal law.

57.     Plaintiff Larkins's claims are typical of the Wisconsin and Iowa Classes she seeks to represent. Plaintiff Larkin, like the other Wisconsin and Iowa Class members, was subjected to Defendants' common practice and policy of not paying its hourly employees for all compensable work to which they were entitled to under Wisconsin and Iowa statutory and common law, and not reimbursing hourly employees for business related purchases made at the behest of Defendants.

58.     Plaintiff Ingles' claims are typical of the Ohio, West Virginia, and Kentucky Classes she seeks to represent. Plaintiff Ingles, like the other Ohio, West Virginia, and Kentucky Class members, was subjected to Defendants' common practice and policy of not paying its hourly employees for all compensable work to which they were entitled to under Ohio, West Virginia, and Kentucky's statutory and common law, and not reimbursing hourly employees for business related purchases made at the behest of Defendants.

59.     The Named Plaintiffs will fairly and adequately protect the interests of the putative State Classes. They have no conflicts with the putative States' Class members. Their counsel possess the requisite resources, and are experienced in class action litigation.

60.     Defendants have acted or refused to act on grounds generally applicable to Named Plaintiffs and the Wisconsin, Iowa, Ohio, West Virginia, and Kentucky Classes, making declaratory and injunctive relief appropriate with respect to the Named Plaintiffs and to the States' Classes as a whole.  The Named Plaintiffs and the States' Classes are entitled to injunctive relief to end Defendants' common and uniform practice of failing to properly compensate the Named Plaintiffs and the putative State Classes for all hours worked for the benefit of Defendants.  Fed. R. Civ. P. 23(b)(2).

61.     The questions of law and fact common to the putative States' Class members predominate over any questions affecting only individual class members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.   Fed. R. Civ. P. 23(b)(3).   More specifically, members of the proposed Wisconsin, Iowa, Ohio, West Virginia, and Kentucky Classes have little or no interest in individually controlling the prosecution of separate actions.  Fed. R. Civ. P. 23(b)(3)(A). The Named Plaintiffs are not aware of any other litigation concerning the controversy already commenced by the proposed States' Classes.  Fed. R. Civ. P. 23(b)(3)(B).  It is desirable to concentrate the litigation of the claims in this Court because Defendants do a substantial amount of business in this District, and the decision to violate this state's applicable wage and hour laws took place in this venue.  Fed. R. Civ. P. 23(b)(3)(C).

62.     This action is manageable as state class actions because, compared to any other method such as individual interventions or the consolidation of individual actions, class actions are more fair and efficient.  Fed. R. Civ. P. 23(b)(3)(D).

**FIRST CAUSE OF ACTION**
**Violation of the Fair Labor Standards Act of 1938**
**Minimum Wage Violations**

63.     Named Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

64.     The FLSA regulates, among other things, the payment of all hours worked, including overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 207(a)(1).  Defendants are, and were, subject to the pay requirements of the FLSA, because it is an enterprise engaged in commerce and its employees are engaged in commerce.

65.     This claim arises from Defendants' willful violation of 29 U.S.C. §201 *et seq.* for failure to pay minimum wage to Named Plaintiffs and the FLSA Class.

66.     Pursuant to 29 U.S.C. § 206(a)(1) *et seq.*,  employers must pay employees at least federal minimum wage for all hours worked: $5.15 per hours before July 24, 2007; $5.85 per hours from July 24, 2007 to July 23, 2008,  $6.55 per hour from July 24, 2008 to July 23, 2009, and $7.25 per hour beginning July 24, 2009 to present.

67.     When all hours worked by Named Plaintiffs and the FLSA Class are properly counted, including time spent preparing for and concluding shifts, time spend working during unpaid meal and rest breaks, time spent travelling to and participating in district meetings, and time spent participating in mandatory conference calls, Named Plaintiffs and

14

the FLSA Class were paid less than the federal minimum wage as required by 29 U.S.C. § 206(a).

68.     Named Plaintiffs and the FLSA Class regularly incur costs for items intended primarily for the benefit of Defendants, including props required for certain 'theme' shoots, and cleaning supplies for Defendants' studios.  Studio props and cleaning supplies are provided primarily for the benefit of Defendants. Failure to reimburse Named Plaintiffs and the FLSA Class for items primarily for the benefit of Defendants resulted in a *de facto* wage deduction, which pushed the wages of Named Plaintiffs and FLSA Class below the federal minimum wage, in violation of 29 U.S.C. § 206.

69.     Defendants' failure to pay federal minimum wage to members of the FLSA Class was "willful" within the meaning of Section 6(a) of the Portal-to-Portal Pay Act, as amended, 29 U.S.C. § 255(a), because Defendants did not act in good faith in failing to pay federal minimum wage, and had no reason to believe that its failure to do so was not a violation of the FLSA, within the meaning of Section 11 of the Portal-to-Portal Pay Act, as amended, 29 U.S.C. § 260.  Accordingly, the FLSA Class is entitled to an award of liquidated damages in an amount equal to the amount of unpaid wages, pursuant to Section 16(b) of the FLSA.  Alternatively, should the Court find that Defendants did not act willfully in failing to pay federal minimum wages, the FLSA Class is entitled to an award of prejudgment interest at the applicable legal rate.

70.     As a result of these willful actions by Defendants, Named Plaintiffs and the FLSA Class has suffered damages in the form of unpaid wages and liquidated damages that may be recovered under 29 U.S.C. § 216 (b), interest, and such other legal and equitable relief as the Court deems proper.

## SECOND CAUSE OF ACTION
### Violation of the Fair Labor Standards Act of 1938
### Overtime Violations

71.     Named Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

72.     The FLSA regulates, among other things, the payment of all hours worked, including overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 207(a)(1).  Defendants are, and were, subject to the pay requirements of the FLSA, because it is an enterprise engaged in commerce and its employees are engaged in commerce.

73.     The FLSA requires employers to pay employees for all hours in which the employee is suffered or permitted to work, including preparatory and concluding time. Hours worked includes time spent preparing for and concluding shifts, time spend working during unpaid meal and rest breaks, time spend travelling to and participating in district meetings and conference calls, and time spent performing other work functions outside of scheduled shift times for Defendants' benefit.  These types of activities are integral and indispensable parts of Defendants' hourly employees' jobs.

74.     Section 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1), requires employers to pay non-exempt employees who work longer than 40 hours in a workweek overtime rates for hours worked in the workweek in excess of 40 hours.  When hourly employees, including the Named Plaintiffs, worked more than 40 hours per week, Defendants violated the FLSA by requiring its hourly employees to perform this compensable work in excess of 40 hours without proper compensation.

75. Pursuant to 29 U.S.C. § 207 and 29 C.F.R. § 788.11, overtime rates are calculated as one and an half times the employees regular rate, which includes commissions. Defendants have failed to include commission payments and bonuses into Named Plaintiffs and the FLSA Class's regular rates when calculating overtime rates, in violation of 29 U.S.C. § 207.

76. By failing to keep, record, report or preserve records of hours worked by the Named Plaintiffs and members of the FLSA Class, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of 29 U.S.C. § 201 *et seq*.

77. Named Plaintiffs and members of the FLSA Class are entitled to damages equal to the amount of all uncompensated time, including overtime premium pay within the three years preceding the filing of this complaint, plus periods of equitable tolling. Defendants' failure to pay overtime to members of the FLSA Class was "willful" within the meaning of Section 6(a) of the Portal-to-Portal Pay Act, as amended, 29 U.S.C. § 255(a), because Defendants did not act in good faith in failing to pay proper overtime pay, and had no reason to believe that its failure to do so was not a violation of the FLSA, within the meaning of Section 11 of the Portal-to-Portal Pay Act, as amended, 29 U.S.C. § 260. Accordingly, the FLSA Class is entitled to an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above, pursuant to Section 16(b) of the FLSA. Alternatively, should the Court find that Defendants did not act willfully in failing to pay overtime pay, the FLSA Class is entitled to an award of prejudgment interest at the applicable legal rate.

78.     Named Plaintiffs and the FLSA Class also seeks reasonable attorneys' fees and costs, to be paid by Defendants, as provided by Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

### THIRD CAUSE OF ACTION
### Violation of Wisconsin's Overtime Statute § 103.01-03, 103.74 and Wisconsin Administrative Code  DWD 274

79.     Plaintiff Larkin re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

80.     Throughout the relevant time period, Defendants were employers within the meaning of Wisconsin Statute § 103.001(6), and subject to the requirements of Wisconsin Administrative Code DWD § 274, which provides in pertinent part:

> **Wis. Admin. Code DWD § 274.03.   Overtime pay**.
> Except as provided in s. DWD 274.08, each employer subject to this chapter shall pay to each employee time and one-half the regular rate of pay for all hours worked in excess of 40 hours per week.

81.     Plaintiff Larkin and members of the Wisconsin Class are employees within the meaning of Wisconsin Statute § 103.001(5), and are entitled to the protections of Wisconsin Administrative Code  DWD § 274.

82.     When time spent before and after scheduled shift times, including uncompensated time worked during unpaid rest and meal breaks, and during conference calls and meetings, is included as compensable work during a regular work week, such compensable work time is in addition to the more than 40 hours of already compensated work individual Plaintiffs and members of the Wisconsin Class engaged in.  As such, the uncompensated time should have been compensated at an overtime rate of pay under DWD § 274.03.

83.    Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of Wisconsin Statute § 103.74 and Wisconsin Administrative Code DWD § 274.06.

84.    Defendants have willfully violated the above provisions by excluding these hours worked and not paying 1 ½ times the proper rate of hourly pay, including commissions, for all compensable work in excess of 40 hours.

85.    Defendants have also willfully violated Wisconsin Statute § 109.03 (1) by regularly and repeatedly failing to compensate the Plaintiff Larkin and members of the Wisconsin Class proper overtime rates, in violation of Wisconsin Statute § 103 and Wisconsin Administrative Code DWD § 274.

86.    Defendants are liable to the Plaintiff Larkin and the Wisconsin Class for compensatory and liquidated damages, plus costs, disbursements, witness and attorneys' fees, pursuant to Wisconsin Statute § 109 and civil penalties pursuant to Wis. Stat. § 109.11.

### FOURTH CAUSE OF ACTION
### Violation of Wisconsin's Minimum Wage Statute §104 and Wisconsin Administrative Code 272

87.    Plaintiff Larkin re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

88.    Throughout the relevant time period, Defendants were employers within the meaning of Wisconsin Statute § 104.01(3)(a), and subject to the requirements of Wisconsin Administrative Code DWD § 272, which provides in pertinent part:

> **Wis. Admin. Code DWD § 272.03 Minimum Rates**.
> Except as provided in ss. DWD 2742.05 to 272.09, no

employer may employ any employee in any occupation, trade, or industry as a lesser hourly rate that $7.25 per hour [effective July 24, 2009].

89.    Plaintiff Larkin and members of the Wisconsin Class are employees within the meaning of Wisconsin Statute § 104.01(2)(a) and are entitled to the protections of Wisconsin Administrative Code DWD § 272.

90.    When time spent before and after scheduled shift times, including uncompensated time worked during unpaid rest and meal breaks, and during conference calls and meetings, is included as compensable work during a regular work week, Plaintiff Larkin and members of the Wisconsin Class were paid at rates less that those required by Wis. Stat. §§ 104 *et seq*. and Wisconsin Administrative Code DWD § 272.

91.    Plaintiff Larkin and the Wisconsin Class regularly incur costs for items intended primarily for the benefit of Defendants, including props required for certain 'theme' shoots, and cleaning supplies for Defendants' studios.  Studio props and cleaning supplies are provided primarily for the benefit of Defendants. Failure to reimburse Plaintiff Larkin and the Wisconsin Class for items primarily for the benefit of Defendants resulted in a *de facto* wage deduction, which pushed the wages of Plaintiff Larkin and Wisconsin Class below the Wisconsin minimum wage, in violation of Wis. Stat. §§ 104 *et seq*. and Wisconsin Administrative Code DWD § 272.

92.    Defendants have willfully violated the above provisions by excluding actual hours worked from Plaintiff Larkin and the Wisconsin Class's timesheets.  Defendants' failure to properly account for all hours actually worked has operated as a *de facto* wage deduction,  which pushed the wages of Plaintiff Larkin and Wisconsin Class below the

Wisconsin minimum wage, in violation of Wis. Stat. §§ 104 *et seq*. and Wisconsin Administrative Code DWD § 272.

93.    Defendants have also willfully violated Wisconsin Statute § 109.03 (1) by regularly and repeatedly failing to compensate Plaintiff Larkin and members of the Wisconsin Class at Wisconsin's applicable minimum wage, in violation of Wisconsin Statute § 104 and Wisconsin Administrative Code DWD § 272

94.    Defendants have failed to make, keep, and preserve records with respect to each of its hourly employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of Wisconsin Statute § 103.74 and Wisconsin Administrative Code DWD § 272.011.

95.    Each day that Plaintiff Larkin and the Wisconsin Class were paid at a rate less than the Wisconsin minimum wage constitutes a separate and distinct violation.  Wis. Stat. § 104.11.

96.    Defendants are liable to the Plaintiff Larkin and the Wisconsin Class for compensatory and liquidated damages, plus costs, disbursements, witness and attorneys' fees, pursuant to Wisconsin Statute § 109 and civil penalties pursuant to Wis. Stat. § 109.11.

## FIFTH CAUSE OF ACTION
### Violation of Wisconsin's Wage Payment Statute § 109.03 and Wisconsin Administrative Code  DWD § 272.03

97.    Plaintiff Larkin re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

98.    Wisconsin Statute § 109.03 requires employers to pay its employees all wages due not more than 31 days prior to the date of payment.  Wisconsin Statute § 109 provides

that if an employer willfully fails to timely pay such wages, the employer is liable to the employee for full wages, plus increased wages as provided in Wisconsin Statutes § 109.11(2).

99.     Throughout the relevant time period, Defendants were employers within the meaning of Wisconsin Statute § 103.001(6), and subject to the requirements of Wisconsin Administrative Codes DWD §§ 272 and 274.

100.     Plaintiff Larkin and members of the Wisconsin Class are employees within the meaning of Wisconsin Statute 103.001(5), and are entitled to the protections of Wisconsin Administrative Code DWD §§ 272 and 274.

101.     Defendants have willfully violated Wis. Stat. § 109.03 and Wisconsin Administrative Code DWD §§ 272 and 274 by regularly and repeatedly failing to compensate Plaintiff Larkin and members of the Wisconsin Class for all hours worked, including uncompensated time spent before and after scheduled shift times, during unpaid rest and meal breaks, and during conference calls and meetings.

102.     Defendants are liable to the Plaintiff Larkin and the Wisconsin Class for compensatory damages and statutory penalties, plus costs, disbursements, witness and attorneys' fees, pursuant to Wis. Stat. § 109.03  and civil penalties pursuant to Wis. Stat. § 109.11.

## SIXTH CAUSE OF ACTION
### Violation of Wisconsin Meal and Break Period Laws

103.     Plaintiff Larkin re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

104.    Throughout the relevant time period, Defendants were employers within the meaning of Wisconsin Statute § 103.001 (6), and subject to the requirements of Wisconsin Administrative Code DWD §§ 272 and 274.

105.    Plaintiff Larkin and the Wisconsin Class are employees within the meaning of Wisconsin Statute §103.001, and are entitled to the protections of Wisconsin Administrative Code DWD §§ 272 and 274.

106.    Wisconsin Administrative Code § DWD 272.04(1) requires employers to pay all employees for "on duty" meal periods:

> **Wis. Admin. Code DWD § 274.02   Hours of Work**
>
> Subpart (3).  The employer shall pay all employees for on-duty meal periods, which are to be counted as work time. An on-duty meal period is a period where the employer does not provide at least 30 minutes free from work.  Any meal period where the employee is not free to leave the premises of the employer will also be considered an on-duty meal period.

107.    Wisconsin Administrative Code DWD § 272.12 defines bona fide meal and periods as follows

> **Wis. Admin. Code  DWD 272.12**
> **Interpretation of Hours Worked**
> Subpart (2)(c).  Rest and Meal periods.
> 2. Meal.  Bona fide meal periods of 30 minutes or more are not work time.  Bona fide meal periods do not include coffee breaks or times for snacks.  These are rest periods. The employee must be completely relieved from duty for the purposes of eating regular meals.   Ordinarily 30 minutes or more is long enough for a bona fide meal.  The employee is not relieved if they are required to perform any duties, whether active or inactive, while eating.

108.    Defendants have willfully violated Wis. Stat. § 109.03 and Wisconsin Administrative Code DWD §§ 272 and 274 by regularly and repeatedly failing to

23

compensate the Plaintiff Larkin and members of the Wisconsin Class for on-duty meal periods, and for misclassifying such meal periods as "bona fide" breaks.

109.    Defendants are liable to the Plaintiff Larkin and the Wisconsin Class for compensatory damages and statutory penalties, plus costs, disbursements, witness and attorneys' fees, pursuant to Wis. Stat. § 109.03 and civil penalties pursuant to Wis. Stat. § 109.11.

## SEVENTH CAUSE OF ACTION
### Common Law Breach of Contract - Wisconsin

110.    Plaintiff Larkin re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

111.    As at-will employees, the Plaintiff Larkin and members of the Wisconsin Class are entitled to compensation for all time they work, as consideration for the services they provide to Defendants.

112.    Defendants promise employees, at the time employees are hired, that they will be compensated at specified hourly base rates, plus commissions, for the hours they work. The specified hourly base rates provide the basis for calculating the overtime compensation owed the Plaintiff Larkin and members of the Wisconsin Class.

113.    Defendants breached the terms of the employment agreements by failing to provide the Plaintiff Larkin and the Wisconsin Class with full payment based upon all of the hours they worked.

114.    Defendants are liable to Plaintiff Larkin and the Wisconsin Class for damages incurred as a result of its breach.

## EIGHTH CAUSE OF ACTION
### Unjust Enrichment - Wisconsin

115.    Plaintiff Larkin re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

116.    The performance of unpaid work activities performed by Plaintiff Larkin and the Wisconsin Class convey a benefit to Defendants, which was knowingly received.

117.    Defendants were not entitled to this benefit, and retaining it, without paying for it, would be unjust to the Plaintiff Larkin and the Wisconsin Class.

118.    Consequently, the Plaintiff Larkin and Wisconsin Class members are entitled to recover the reasonable value of the benefit conveyed to Defendants by the performance of unpaid work activities.

## NINTH CAUSE OF ACTION
### Quantum Meruit - Wisconsin

119.    Plaintiff Larkin re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

120.    Defendants benefitted and continue to benefit from the performance of the unpaid work activities of the Plaintiff Larkin and the Wisconsin Class members.  For example, the unpaid work performed by the Wisconsin Class outside of scheduled shift times is necessary to ensure proper customer service in Defendants' portrait studios.

121.    Plaintiff Larkin and the Wisconsin Class members are entitled to recover the reasonable value of the unpaid work they performed and continue to perform.

## TENTH CAUSE OF ACTION
### Violation of Iowa Minimum Wage Requirements, Iowa Code § 91D *et seq.*

122.    Plaintiff Larkin re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

123.    Defendants are "employers" and Plaintiff Larkin and the Iowa Class members are "employees" under Iowa Code § 91A.2 (3).

124.    Iowa Code § 91D.1 requires employers to pay employees Iowa's minimum wages for all hours worked.  Iowa's minimum wage at all times relevant to this Complaint include: $6.20 between April 1, 2007 and December 31, 2007 and $7.25 from January 1, 2008 to the present.  I.C.A. § 91D.1.

125.    Defendants have willfully violated the above provisions by excluding actual hours worked from Plaintiff Larkin and the Iowa Class's timesheets.  Defendants failure to properly account for all hours actually worked has operated as a *de facto* wage deduction, which pushed the wages of Plaintiff Larkin and Iowa Class below the Iowa minimum wage, in violation of Iowa Code § 91D.

126.    Plaintiff Larkin and the Iowa Class regularly incur costs for items intended primarily for the benefit of Defendants, including props required for certain 'theme' shoots, and cleaning supplies for Defendants' studios.  Studio props and cleaning supplies are provided primarily for the benefit of Defendants. Failure to reimburse Plaintiff Larkin and the Iowa Class for items primarily for the benefit of Defendants resulted in a *de facto* wage deduction, which pushed the wages of Plaintiff Larkin and FLSA Class below the Iowa minimum wage, in violation of Iowa Code § 91D.

127.    Violations of Iowa Code § 91D are enforced pursuant to the enforcement mechanisms of Iowa Code § 91A.  I.C.A.  § 91D (4).

128.    CPI is liable to the Plaintiff Larkin and the Iowa Class for violations of Iowa's minimum wage laws, including liquidated damages, statutory penalties, plus costs, disbursements, witness and attorneys' fees, pursuant Iowa Code § 91A.8.

**ELEVENTH CAUSE OF ACTION**
**Violation of Iowa Wage Payment Collection Law, Iowa Code § 91A *et seq.***

129.    Plaintiff Larkin re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

130.    Pursuant to the Iowa Wage Payment Collection Law, (IWPCL) Iowa Code § 91A.1 *et seq.*, Defendants are required to pay all wages owed to its employees.

131.    Defendants have intentionally refused to pay all wages due as set forth in the preceding paragraphs of this Complaint to Plaintiff Larkin and the Iowa Class, in violation of the IWPCL.

132.    Pursuant to the IWPCL, and specifically Iowa Code § 91A.8, employers who intentionally fail or refuse to pay an employee wages in conformance with the statute shall be liable to the employee for all wages or expenses that were not paid, plus liquidated damages, court costs, and attorney fees incurred in recovering the unpaid wages or expenses.

**TWELFTH CAUSE OF ACTION**
**Common Law Breach of Contract - Iowa**

133.    Plaintiff Larkin re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

134.    As at-will employees, Plaintiff Larkin and members of the Iowa Class are entitled to compensation for all time they work, as consideration for the services they provide to Defendants.

135.    Defendants promise its employees, at the time employees are hired, that they will be compensated at specified hourly base rates, plus commissions, for the hours they

work.  The specified hourly base rates provide the basis for calculating the overtime compensation owed the Plaintiff Larkin and members of the Iowa Class.

136.   Defendants breached the terms of the employment agreements by failing to provide the Plaintiff Larkin and the Iowa Class with full payment based upon all of the hours they worked.

137.   Defendants liable to the Plaintiff Larkin and the Iowa Class for damages incurred as a result of its breach.

### THIRTEENTH CAUSE OF ACTION
### Unjust Enrichment - Iowa

138.   Plaintiff Larkin re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

139.   The performance of unpaid work activities performed by Plaintiff Larkin and the Iowa Class conveys or conveyed a benefit to Defendants which was knowingly received.

140.   Defendants were not entitled to this benefit, and retaining it, without paying for it, would be unjust to Plaintiff Larkin and the Iowa Class.

141.   Consequently, Plaintiff Larkin and the Iowa Class members are entitled to recover the reasonable value of the benefit conveyed to Defendants by the performance of unpaid work activities.

### FOURTEENTH CAUSE OF ACTION
### Quantum Meruit- Iowa

142.   Plaintiff Larkin re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

143.    Defendants benefitted and continue to benefit from the performance of the unpaid work activities of Plaintiff Larkin and the Iowa Class members.  The unpaid work performed by Plaintiff Larkin and the Iowa Class outside of scheduled shift times is necessary to ensure proper customer service and management of Defendants' portrait studios.

144.    Plaintiff Larkin and the Iowa Class members are entitled to recover the reasonable value of the unpaid work they performed and continue to perform.

## FIFTEENTH CAUSE OF ACTION
## Ohio Minimum Wage Act – Minimum Wages

145.    Plaintiff Ingles re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

146.    Pursuant to the Ohio Constitution Art. II §34 (a), employers must pay employees a minimum wage.   Ohio's Minimum Wage Standards Act ("MSWA") implements Art. II §34(a).  Ohio Rev. Code §4111.14.

147.    Throughout the relevant time period, Defendants were employers within the meaning of Ohio Rev. Code § 4111.03 (D)(2) and subject to the requirements of Ohio Rev. Code § 4111.10 (a), which provides in pertinent part:

> **4111.10 Liability and Actions for Payment of Less than Minimum Wages.**  Any employer who pays any employee less than wages to which the employee is entitled under section 4111.03 of the Revised Code, is liable to the employee affected for the full amount of the overtime wage rate, less any amount actually paid to the employee by the employer.

148.    Plaintiff Ingles and members of the Ohio Class are employees within the meaning of Ohio Rev. Code § 4111.03 (D)(3) and are entitled to the protections of the Ohio Constitution Art. II § 34(a).

149.   When time spent before and after scheduled shift times, including uncompensated time worked during unpaid rest and meal breaks, and during conference calls and meetings, is included as compensable work during a regular work week, Plaintiff Ingles and members of the Ohio Class were paid at rates less that those required by the Ohio Constitution Art. II § 34(a).

150.   Plaintiff Ingles and the Ohio Class regularly incur costs for items intended primarily for the benefit of Defendants, including props required for certain 'theme' shoots, and cleaning supplies for Defendants' studios.   Studio props and cleaning supplies are provided primarily for the benefit of Defendants. Failure to reimburse Plaintiff Ingles and the Ohio Class for items primarily for the benefit of Defendants resulted in a *de facto* wage deduction, which pushed the wages of Plaintiff Ingles and the Ohio Class below the Ohio minimum wage, in violation of Ohio Constitution Art. II § 34(a) and Ohio Rev. Code § 4111.10 (a).

151.   Defendants have willfully violated the above provisions by excluding actual hours worked from Plaintiff Ingles and the Ohio Class's timesheets.  Defendants' failure to properly account for all hours actually worked has operated as a *de facto* wage deduction, which pushed the wages of Plaintiff Ingles and the Ohio Class below Ohio's minimum wage, in violation of Ohio Constitution Art. II § 34(a) and Ohio Rev. Code § 4111.10 (a),

152.   Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of Ohio Constitution Art. II § 34(a) and Ohio Rev. Code § 4111.08.

153.    Each day that Plaintiff Ingles and the Ohio Class were paid at a rate less than the Ohio minimum wage constitutes a separate and distinct violation.  Ohio Rev. Code § 4111.13(D).

154.    Defendants are liable to the Plaintiff Ingles and the Ohio Class for compensatory and liquidated damages, plus costs, disbursements, witness and attorneys' fees, pursuant to Ohio Constitution Art. II § 34(a) and Ohio Rev. Code § 4111.10.

### SIXTEENTH CAUSE OF ACTION
### Ohio Minimum Wage Act – Overtime Wages

155.    Plaintiff Ingles re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

156.    Pursuant to the Ohio Constitution Art. II §34 (a), employers must pay employees at an overtime rate equal to one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek.  Ohio Rev. Code § 4111.03.

157.    Throughout the relevant time period, Defendants were employers within the meaning of Ohio Rev. Code § 4111.03 A and subject to the requirements of Ohio Rev. Code § 4111.10 (a), which provides in pertinent part:

> **4111.10 Liability and Actions for Payment of Less than Minimum Wages.**  Any employer who pays any employee less than wages to which the employee is entitled under section 4111.03 of the Revised Code, is liable to the employee affected for the full amount of the overtime wage rate, less any amount actually paid to the employee by the employer.

158.    Plaintiff Ingles and members of the Ohio Class are employees within the meaning of Ohio Rev. Code § 4111.03 (D)(3) and are entitled to the protections of the Ohio Rev. Code § 4111.10 (a).

159.    When time spent before and after scheduled shift times, including uncompensated time worked during unpaid rest and meal breaks, and during conference calls and meetings, is included as compensable work during a regular work week, such compensable work time is in addition to the more than 40 hours of already compensated work individual Plaintiffs and members of the Ohio Class engaged in.  As such, the uncompensated time should have been compensated at an overtime rate of pay pursuant to Ohio Rev. Code § 4111.03.

160.    Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of Ohio Constitution Art. II § 34(a) and Ohio Rev. Code § 4111.08.

161.    Defendants have willfully violated the above provisions by excluding these hours worked and not paying 1 ½ times the proper rate of hourly pay, including commissions, for all compensable work in excess of 40 hours.

162.    Each day that Plaintiff Ingles and the Ohio Class were denied proper overtime compensation constitutes a separate and distinct violation.  Ohio Rev. Code § 4111.13(D).

163.    Defendants are liable to the Plaintiff Ingles and the Ohio Class for compensatory and liquidated damages, plus costs, disbursements, witness and attorneys' fees, pursuant to Ohio Constitution Art. II § 34(a) and Ohio Rev. Code § 4111.10.

## SEVENTEENTH CAUSE OF ACTION
### Common Law Breach of Contract – Ohio

164.    Plaintiff Ingles re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

165.    As at-will employees, the Plaintiff Ingles and members of the Ohio Class are entitled to compensation for all time they work, as consideration for the services they provide to Defendants.

166.    Defendants promise employees, at the time employees are hired, that they will be compensated at specified hourly base rates, plus commissions, for the hours they work. The specified hourly base rates provide the basis for calculating the overtime compensation owed the Plaintiff Ingles and members of the Ohio Class.

167.    Defendants breached the terms of these employment agreements by failing to provide Plaintiff Ingles and the Ohio Class with full payment based upon all of the hours they worked.

168.    Defendants are liable to Plaintiff Ingles and the Ohio Class for damages incurred as a result of its breach.

### EIGHTEENTH CAUSE OF ACTION
### Unjust Enrichment – Ohio

169.    Plaintiff Ingles re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

170.    The performance of unpaid work activities performed by Plaintiff Ingles and the Ohio Class conveys a benefit to Defendants, which was knowingly received.

171.    Defendants were  not entitled to this benefit, and retaining it, without paying for it, would be unjust to the Plaintiff Ingles and the Ohio Class.

172.    Consequently, Plaintiff Ingles and Ohio Class members are entitled to recover the reasonable value of the benefit conveyed to Defendants by the performance of unpaid work activities.

## NINETEENTH CAUSE OF ACTION
### Quantum Meruit – Ohio

173.  Plaintiff Ingles re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

174.  Defendants benefit from and continue to benefit from the performance of the unpaid work activities of the Plaintiff Ingles and the Ohio Class members.  For example, the unpaid work performed by the Ohio Class outside of scheduled shift times is necessary to ensure proper customer service in Defendants' portrait studios.

175.  Plaintiff Ingles and the Ohio Class members are entitled to recover the reasonable value of the unpaid work they performed and continue to perform.

## TWENTIETH CAUSE OF ACTION
### Common Law Breach of Contract – West Virginia

176.  Plaintiff Ingles re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

177.  As at-will employees, the Plaintiff Ingles and members of the West Virginia Class are entitled to compensation for all time they work, as consideration for the services they provide to Defendants.

178.  Defendants promises hourly employees, at the time employees are hired, that they will be compensated at specified hourly base rates, plus commissions, for the hours they work.  The specified hourly base rates provide the basis for calculating the overtime compensation owed the Plaintiff Ingles and members of the West Virginia Class.

179.  Defendants breached the terms of the employment agreements by failing to provide the Plaintiff Ingles and the West Virginia Class with full payment based upon all of the hours they worked.

34

180.    Defendants are liable to Plaintiff Ingles and the West Virginia Class for damages incurred as a result of its breach.

## TWENTY-FIRST CAUSE OF ACTION
### Unjust Enrichment – West Virginia

181.    Plaintiff Ingles re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

182.    The performance of unpaid work activities performed by Plaintiff Ingles and the West Virginia Class conveys a benefit to Defendants, which was knowingly received.

183.    Defendants were not entitled to this benefit, and to retaining it, without paying for it, would be unjust to the Plaintiff Ingles and the West Virginia Class.

184.    Consequently, the Plaintiff Ingles and West Virginia Class members are entitled to recover the reasonable value of the benefit conveyed to Defendants by the performance of unpaid work activities.

## TWENTY-SECOND CAUSE OF ACTION
### Quantum Meruit – West Virginia

185.    Plaintiff Ingles re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

186.    Defendants benefitted and continue to benefit from the performance of the unpaid work activities of the Plaintiff Ingles and the West Virginia Class members.  For example, the unpaid work performed by the West Virginia Class outside of scheduled shift times is necessary to ensure proper customer service in Defendants' portrait studios.

187.    Plaintiff Ingles and the West Virginia Class members are entitled to recover the reasonable value of the unpaid work they performed and continue to perform.

## TWENTY-THIRD CAUSE OF ACTION
### Violations of Kentucky Minimum Wage Law

188.    Plaintiff Ingles re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

189.    Pursuant to Kentucky Revised Statute § 337.275, employers must pay employees a minimum wage.  Kentucky's Minimum Wage during the applicable time period was as follows: $5.85 per hour between June 26, 2007 and June 30, 2008; $6.55 per hour from June 30, 2008 to June 30, 2009 and $7.25 per hour from July1, 2009 to the present.  Ky. Rev. Stat. Ann. § 337.275 (1).

190.    Throughout the relevant time period, Defendants were employers within the meaning of Kentucky Revised Statute § 337.010 (d)  and subject to the requirements of Kentucky Revised Statute § 337.275 (1)  which provides in pertinent part:

> **Ky. Rev. Stat. Ann. § 337.275 (1)   Minimum Wage.**
> Except as my otherwise be provided by this chapter, every employer shall pay to each of his employees wages at a rate of not less than five dollars and eighty-five cents ($5.85) an hour beginning June 26, 2007, not less than six dollars and fifty-five cents ($6.55) an hour beginning July 1, 2008, and not less than seven dollars and fifty-five cents ($7.25) an hour beginning July 1, 2009.

191.    Plaintiff Ingles and members of the Kentucky Class are employees within the meaning of Kentucky Revised Statute § 337.010 (e), and are entitled to the protections of the Kentucky Revised Statute § 337.275 (1).

192.    When time spent before and after scheduled shift times, including uncompensated time worked during unpaid rest and meal breaks, and during conference calls and meetings, is included as compensable work during a regular work week, Plaintiff

36

Ingles and members of the Kentucky Class were paid at rates less that those required by Kentucky Statute §337.272.

193.    Plaintiff Ingles and the Kentucky Class regularly incur costs for items intended primarily for the benefit of Defendants, including props required for certain 'theme' shoots, and cleaning supplies for Defendants' studios.   Studio props and cleaning supplies are provided primarily for the benefit of Defendants. Failure to reimburse Plaintiff Ingles and the Kentucky Class for items primarily for the benefit of Defendants resulted in a *de facto* wage deduction, which pushed the wages of Plaintiff Ingles and the Kentucky Class below Kentucky's  minimum wage, in violation of Kentucky Revised Statute § 337.272.

194.    Defendants have willfully violated the above provisions by excluding actual hours worked from Plaintiff Ingles and the West Virginia Class's timesheets.  Defendants' failure to properly account for all hours actually worked has operated as a *de facto* wage deduction,   which pushed the wages of Plaintiff Ingles and Kentucky Class below Kentucky's minimum wage, in violation of Kentucky Revised Statute §337.272.

195.    Each day that Plaintiff Ingles and the Kentucky Class were paid at a rate less than the Kentucky minimum wage constitutes a separate and distinct violation.  Ky. Rev. Stat. § 337.020.

196.    Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of Kentucky Revised Statute § 337.320.

197.    Violations of Kentucky Revised Statutes § 337.320 subject Defendants to civil penalties pursuant to Kentucky Revised Statutes § 337.990 (7).

198.    Defendants are liable to the Plaintiff Ingles and the Kentucky Class for compensatory and liquidated damages, plus costs, disbursements, witness and attorneys' fees, pursuant to Kentucky Revised Statute § 337.385(1), and civil penalties pursuant to Kentucky Revised Statue § 337.990 (1), (7), and (8).

### TWENTY-FOURTH CAUSE OF ACTION
### Violation of Kentucky Rest and Meal Break Provisions, Kentucky Revised Statues §§ 337.355 and 337.365

199.    Plaintiff Ingles re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

200.    Throughout the relevant time period, Defendants were employers within the meaning of Kentucky Revised Statute § 337.010 (d).  Plaintiff Ingles and the Kentucky Class are employees within the meaning of Kentucky Revised Statute § 337.010 (e).

201.    Kentucky Revised Statute § 337.355 requires employers to provide reasonable lunch periods and provides in pertinent part:

**Ky. Rev. Stat. § 337.355 Lunch Period Requirements**

Employers, except those subject to the Federal Railway Labor Act, shall grant their employees a reasonable period for lunch, and such times shall be as close to the middle of the employee's scheduled work shift as possible.  In no case shall an employee be required to take a lunch period sooner than (3) hours after his work shift commences, nor more than five (5) hours from time his work shift commences.

202.    Kentucky Revised Statue § 337.365  requires employers to provide appropriate rest periods and provides in pertinent part:

**Ky. Rev. Stat. § 337.365 Rest Periods for Employees**

No employer shall require any employee to work without a rest period of at least ten (10) minutes during each four (4) hours worked, except those employees who are under the Federal Railway Labor Act.  This shall be in addition to the

38

regularly scheduled lunch period.    No reduction in compensation shall be made for hourly or salaried workers.

203.    Defendants have willfully violated Kentucky Revised Statutes §§ 337.355 and 337.365 by regularly and repeatedly failing to provide appropriate meal and rest breaks to Plaintiff Ingles and members of the Kentucky Class.

204.    Defendants are liable to Plaintiff Ingles and the Kentucky Class for compensatory and liquidated damages, plus costs, disbursements, witness and attorneys' fees, pursuant to Kentucky Revised Statute § 337.385(1) and civil penalties pursuant to Kentucky Revised Statue § 337.990 (1) and (10).

### TWENTY-FIFTH CAUSE OF ACTION
### Common Law Breach of Contract -- Kentucky

205.    Plaintiff Ingles re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

206.    As at-will employees, Plaintiff Ingles and members of the Kentucky Class are entitled to compensation for all time they work, as consideration for the services they provide to Defendants.

207.    Defendants promise employees, at the time employees are hired, that they will be compensated at specified hourly base rates, plus commissions, for the hours they work. The specified hourly base rates provide the basis for calculating the overtime compensation owed the Plaintiff Ingles and members of the Kentucky Class.

208.    Defendants breached the terms of the employment agreements by failing to provide the Plaintiff Ingles and the Kentucky Class with full payment based upon all of the hours they worked.

209.    Defendants are liable to Plaintiff Ingles and the Kentucky Class for damages incurred as a result of its breach.

## TWENTY-SIXTH CAUSE OF ACTION
### Unjust Enrichment – Kentucky

210.   Plaintiff Ingles re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

211.   The performance of unpaid work activities performed by Plaintiff Ingles and the Kentucky Class conveys a benefit to Defendants, which were knowingly received.

212.   Defendants were not entitled to this benefit, and retaining it, without paying for it, would be unjust to the Plaintiff Ingles and the Kentucky Class.

213.   Consequently, the Plaintiff Ingles and the Kentucky Class members are entitled to recover the reasonable value of the benefit conveyed to Defendants by the performance of unpaid work activities.

## TWENTY-SEVENTH CAUSE OF ACTION
### Quantum Meruit – Kentucky

214.   Plaintiff Ingles re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

215.   Defendants benefitted from and continue to benefit from the performance of the unpaid work activities of the Plaintiff Ingles and the Kentucky Class members.  For example, the unpaid work performed by the Kentucky Class outside of scheduled shift times is necessary to ensure proper customer service in Defendants' portrait studios.

216.   Plaintiff Ingles and the Kentucky Class members are entitled to recover the reasonable value of the unpaid work they performed and continue to perform.

## PRAYER FOR RELIEF

**WHEREFORE,** Named Plaintiffs Chrissy Larkin and Katie Ingles, on behalf of themselves and all members of the FLSA Class, pray for relief as follows:

1.    Designation of this action as a collective action on behalf of the proposed FLSA Class and prompt issuance of notice to all similarly situated members, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims by filing individual Consents to Join;

2.    Designation of Named Plaintiffs as the Representatives of the FLSA Class;

3.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

4.    An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

5.    Costs of the action incurred herein, including expert fees;

6.    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

7.    Pre- and post-judgment interest, as provided by law; and

8.    For any other and further relief the Court may deem just or equitable.


**WHEREFORE,** Plaintiff Chrissy Larkin, on behalf of herself and all members of the Wisconsin and Iowa Classes, pray for relief as follows:

9.    Certification of this action as a class action on behalf of the proposed Wisconsin Class and Iowa Class pursuant to Federal Rules of Civil Procudure 23;

10.    Designation of Chrissy Larkin as the Representative of the Wisconsin Class and the Iowa Class;

11.    A declaratory judgment that the practices complained of herein are unlawful under applicable state laws;

12.    Appropriate equitable and injunctive relief to remedy Defendants' violations of state laws, including but not necessarily limited to an order enjoining Defendants from continuing their unlawful practices;

13.    Appropriate statutory penalties;

14.    An award of damages and restitution, including civil penalties, meal and rest break violation payments; recordkeeping penalties, and overtime wages to be paid by Defendants according to proof;

15.    Costs of the action incurred herein, including expert fees;

16.    Attorneys' fees and costs of suit, including expert fees;

17.    Pre and post-judgment interest, as provided by law; and

18.    For any other and further relief the Court may deem just or equitable.

**WHEREFORE,** Named Plaintiff Katie Ingles, on behalf of herself and all members of the Ohio, West Virginia, and Kentucky Classes, pray for relief as follows:

19.    Certification of this action as a class action on behalf of the proposed Ohio, West Virginia, and Kentucky Classes pursuant to Federal Rule of Civil Procedure 23;

20.    Designation of Katie Ingles as the Representative of the Ohio Class, the West Virginia Class, and the Kentucky Class;

21.    A declaratory judgment that the practices complained of herein are unlawful under applicable state laws;

22.     Appropriate equitable and injunctive relief to remedy Defendants' violations of state laws, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

23.     Appropriate statutory penalties;

24.     An award of damages and restitution, including civil penalties, meal and rest break violation payments; recordkeeping penalties, and overtime wages to be paid by Defendants according to proof;

25.     Costs of the action incurred herein, including expert fees;

26.     Attorneys' fees and costs of suit, including expert fees;

27.     Pre and post-judgment interest, as provided by law; and

28.     For any other and further relief the Court may deem just or equitable.

Dated: July 22, 2010                    Respectfully Submitted,


                                        s/Anne T. Regan

                                        **ZIMMERMAN REED, P.L.L.P.**
                                        J. Gordon Rudd, Jr. (#222082)
                                        Anne T. Regan (#333852)
                                        Dori H. Handy (#0389325)
                                        651 Nicollet Mall, Suite 501
                                        Minneapolis, MN  55402
                                        Telephone: (612) 341-0400
                                        Facsimile: (612) 341-0844
                                        Anne.Regan@zimmreed.com
                                        Gordon.Rudd@zimmreed.com
                                        Dori.handy@zimmreed.com


                                        **LOCKRIDGE GRINDAL NAUEN
                                        P.L.L.P.**
                                        Susan E. Ellingstad (MN# 243346)
                                        David Leishman (MN# 0386513)
                                        100 Washington Avenue South, Suite 2200
                                        Minneapolis, MN 55401
                                        Telephone: (612) 339-6900
                                        Facsimile: (612) 339-0981
                                        seellingstad@locklaw.com
                                        ddleishman@locklaw.com


                                        *ATTORNEYS FOR PLAINTIFFS AND
                                        PROPOSED COLLECTIVE AND CLASS
                                        ACTION REPRESENTATIVES*


44