IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISSY LARKIN, KATIE INGLES,
LISA NOAKES AND SAMARIAH
MULLINEEAUX, on behalf of themselves
and others similarly situated,

                        Plaintiffs,                        OPINION AND ORDER

    v.

                                                         10-cv-411-wmc

CPI CORPORATION, CONSUMER PROGRAMS
INCORPORATED, d/b/a SEARS PORTRAIT
STUDIOS AND CPI IMAGES, LLC, d/b/a SEARS
PORTRAIT STUDIOS,

                        Defendants.

---

This civil action involves a dispute under the Fair Labor Standards Act and various state law claims. Pending before the court is a joint motion for approval of a settlement agreement entered by the named plaintiffs and defendants on behalf of themselves and fifty-seven individuals referred to collectively as the "Opt-Ins." (Dkt. #71.) For claims brought under the FLSA, parties must seek court approval of release of claims.[1] See *Walton v. United Consumers Club*, 786 F.2d 303, 306 (7th Cir. 1986); *Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The court must determine that the terms are "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355. Having reviewed the motion and attached exhibits, the court will reserve approval of the settlement pending additional information from the parties about (1) the status of the fifty-seven "Opt-In"

---

[1] The parties need not seek approval for the putative class action claims, because the settlement only purports to bind the defendant, the named plaintiffs and the 57 "Opt-Ins."

individuals, (2) the method of calculating the settlement awards and (3) the method for calculating the attorney fees.

First, it is unclear whether the court has jurisdiction over the fifty-seven "Opt-In" individuals and whether named plaintiffs or counsel for named plaintiffs had authority to settle the claims on their behalf. The settlement agreement and the motion for approval refer to these fifty-seven individuals collectively as the "Opt-Ins." None of the "Opt-in" individuals signed the settlement agreement. Despite the putative label, they cannot be opt-in members of a collective action under the FLSA or of a class action under Rule 23 (assuming an "opt-in" procedure exists under Rule 23), because the court has not conditionally certified a collective action or a class action.

The named plaintiffs have filed with the court documents entitled "Notice of Consent to Join Lawsuit" (dkts. #17, 18, 20, 21, 24-25, 29, 34-36, 38-42, 70) containing one-page forms signed by each of the fifty-seven individuals. The title of the signature form is "CPI Corp. d/b/a/ Sears Portrait Studio or Picture Me, Plaintiff Consent Form, Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)." The content of the form, in its entirety, is "I hereby consent to be a party plaintiff in the foregoing action." Section 16(b) of the FLSA does not specify when opt-in consents may be filed, and courts often permit counsel to file opt-in consent forms prior to conditional certification and court-approved notice. *See e.g. Piper v. RGIS Inventory Specialists, Inc.*, No. C-07-00032 (JCS), 2007 WL 1690887, at *6-7 (N.D. Cal. June 11, 2007). However, the status of such putative opt-in members is unclear when the parties settle before the court grants a motion for conditional class certification. Moreover, even if they were opt-in members of

2

a collective or class action, the parties have not explained what notice, if any, was provided to these "Opt-in" individuals. Nothing on the form indicates the nature of the FLSA claims or the legal effect of joining the lawsuit. Alternatively, plaintiffs might have intended these individuals to be added as named plaintiffs to the present action, but they have not moved to amend their complaint to do so.

Second, plaintiffs have not submitted sufficient information for the court to evaluate the reasonableness of the settlement. Plaintiffs provided a list setting forth the portion of the settlement distributed to each of the named plaintiffs and the fifty-seven "Opt-Ins." (Dkt. #72.) However, the parties have not provided the court with any information about the method used for calculating these figures or the nature of these individuals' allegations, which the court needs to determine whether these amounts represent a "reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355.

Last, plaintiffs have submitted insufficient information about the calculation of attorney's costs and fees. According to the settlement agreement, plaintiffs' counsel receives more than 70% of the total settlement amount as reimbursement for costs and fees. Plaintiffs' counsel did not submit time or expense reports. Although they defended depositions of four named plaintiffs, deposed an undisclosed number of non-party witnesses and managers for defendants and engaged in discovery, they did not brief a motion for certification or seek or oppose any dispositive motions. The court cannot approve this fee and expense settlement without further documentation of counsels' hours and expenses.

Accordingly, IT IS ORDERED that plaintiffs motion for approval of the FLSA collective action settlement is RESERVED, pending receipt by this court of:

1. Further clarification regarding the status of the "Opt-In" plaintiffs,

2. The method used to calculate the settlement amount distributed to each named and "Opt-In" plaintiff, and

3. The actual time and expense records for plaintiffs' counsel in this matter.

Entered this 3rd day of November, 2011.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge