IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISSY A. LARKIN, KATIE (INGLES) CAUDILL,
LISA G. NOAKES, SAMARIAH N. MULLINEAUX,
TRECIA K. GIBSON, DIANA S. ORTIZ, GINGER G.　　OPINION AND ORDER
AGUILAR, ARIANA ANTHONY, BELINDA BAUMANN,
JENNIFER BENOIT, CAROLE BOONE, MICHAEL　　　　10-cv-411-wmc
BRADLEY, JOYCE BROOKS, TODD L. CALMES,
MELISSA R. CLAY, ANGELA C. DAMRON, JAMES A.
DAVIS, JODIE DEHOEK, BRANDY L. DELCHINI,
SARA B. DEZONIA, CAROLYN ESLINGER, FRANCES
B. EVERETT, LILLIAN FREELAND, ELISABETH C.
HAMBURGER, SUSAN D. HAMILTON, TWANA R.
HARLESS, CHERI L. HAUSCHILD, ELAINE M.
HODGES, KENYATTA D. HOLMES, TENIA N.
JOHNSON; JACQUELYN D. JONES, SHERRIE A.
JONES, STEVEN B. LANGLA, MARY C. LAU,
AMANDA B. LAWSON, TRACY M. (LEDGER)
METHANY, ANGELA R. LIGHT, JAIME L. LIPSCOMB,
NICOLE R. MAJOR, AMANDA M. MARQUARDT
(FLANDERS), DAWN MARTZEN, SHARRON L.
MILLER, JOSHUA S. MOORE, THI M. NGUYEN,
PAMELA NICHOLS, CASEY L. NOE, KATHY M. OLDS,
RENAY M. PARKS, BOBBIE J. RADER, AMY R.
ROWLAND, STACY C. (RUIZ) VILLARREAL,
MARILYN J. SAHS, CAROL T. SHUMPERT, TIFFANY
M. SMITHHART, SABLE J. STALLWORTH, LEISA D.
STULL, KELLY SULLIVAN, KAY L. SUTTON, JESSICA
G. (RENICK) SWANSON, ANDREA TERRY, EUNICE
R. (WATKINS) TURNER, ASHLEY N. WISE, and
JENNIFER K. WITTUM on behalf of themselves and
others similarly situated,

　　　　　　　　Plaintiffs,
　v.

CPI CORPORATION, CONSUMER PROGRAMS
INCORPORATED, D/B/A SEARS PORTRAIT STUDIOS, and
CPI IMAGES, LLC, D/B/A SEARS PORTRAIT STUDIOS,

　　　　　　　　Defendants.

---

Pending before the Court is a joint motion for approval of a settlement agreement entered by plaintiffs and defendants (dkt. #71). Having reviewed the parties' motion and attached exhibits, the court finds as follows:

1. The plaintiffs and defendants have entered a Settlement Agreement and Complete Waiver/Release ("settlement agreement") (dkt. #71, ex. 1);

2. No class has been certified under the FLSA or state law claims;

3. The Settlement Agreement will not bind any individuals other than the plaintiffs and defendants;

4. The Settlement Agreement was reached through arm's-length negotiations with the assistance of an experienced mediator;

5. Sufficient investigation and discovery has been completed to enable the parties, through their counsel, to make educated decisions regarding: (i) the strengths and weaknesses of their respective positions; and (ii) the reasonableness of the terms of the settlement in light of those respective strengths and weaknesses and the cost and risk of proceeding with litigation through trial;

6. The Settlement Agreement provides that plaintiffs will be paid $210,000, allocated in a manner that appropriately considers each plaintiff's alleged uncompensated hours and compensates his or her for expenses related to participation in discovery;

7. In addition, the lead plaintiffs Larkin and Lau will receive an appropriate severance payment of $5,000;

8. The terms and conditions set forth in the Settlement Agreement appear to represent a fair and reasonable resolution of a bona fide dispute arising under FLSA and

are in the best interest of the parties in light of the foregoing, the likelihood of success on the merits and the inherent risks and costs associated with proceeding with litigation through trial;

9. The parties have at all times been represented by counsel familiar with this case and experienced in similar litigation (dkt. #80, ex. 16 and 17)

10. The Settlement Agreement provides that plaintiffs' attorneys will be paid a total of $530,000 for fees, costs and expenses; and

11. The amount of attorney's fees, costs and expenses provided in the Settlement Agreement is reasonable in light of the uncontroverted evidence regarding the hourly rates typically charged by plaintiffs' attorneys and their legal staff, the number of hours worked and their expenses (Reagan Supp. Aff., dkt. #80, Addendum A and B), substantial efforts to achieve an equitable settlement through a third-party mediator, represented payments of an additional $450,000 to current and former employees prompted by this lawsuit, agreement of the defendants and the consent of all the individually-named plaintiffs.

Accordingly, IT IS ORDERED that:

1. Plaintiffs' and defendants' joint motion for approval of settlement agreement (dkt. #71) is GRANTED;

2. The awards to plaintiffs Larkin, Lau and plaintiffs who participated in discovery, as specified in the settlement agreement, are APPROVED;

3. The award of attorneys' fees and costs, as specified in the settlement agreement, is APPROVED;

4. The lawsuit is hereby DISMISSED with prejudice and without costs, expect as

set forth in the Settlement Agreement, and the Clerk of Court is ordered to close the file.

Entered this 29th day of December, 2011.

                                          BY THE COURT:

                                          /s/

                                          _____
                                          WILLIAM M. CONLEY
                                          District Judge